UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80054-CR-MARRA/MATTHEWMAN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DONTAVIOUS BLAKE and TARA
JO MOORE,

    Defendants.
_____/



## ORDER AFTER IN CAMERA REVIEW OF KELLY CENTER DOCUMENTS

THIS CAUSE was initially before the Court upon Defendants' Motion for Subpoena Duces Tecum to Produce Documentary Evidence ("Motion") [DE 122]. This Court held a hearing on the matter on March 14, 2014, and subsequently granted the Motion in part. *See* DE 137. The Court explained that Defendants had established a threshold basis for the production of the records regarding T.H.'s stay at the Walter D. Kelly Treatment Association, Inc., but that the Court intended to review all of the records *in camera* to determine whether the documents are actually relevant and potentially admissible, whether they fall within the ambit of the psychotherapist-patient or other privilege, and whether any privilege protecting the documents is outweighed by Defendants right to confrontation. *Id.*

The Walter D. Kelly Treatment Association, Inc. (hereinafter, "Kelly Center"), provided T.H.'s records, consisting of seven manila folders, to the Court as directed by the sealed defense subpoena [DE 144-1]. The Kelly Center then produced supplemental documents at the Court's request when, upon review of the documents contained within the seven manila folders, it became clear that records relating to T.H.'s first stay at the Kelly Center were inadvertently not

1

produced in the first production of documents. Two additional manila folders were then produced by the Kelly Center. Although there are nine manila folders in total which were produced pursuant to the subpoena, the documents are not exceedingly voluminous.

It appears that T.H. had two separate stays at the Kelly Center. She first entered the center on or about June 24, 2011, and was discharged on or about June 5, 2012, when it appears that she ran away from the Kelly Center. The documents from T.H.'s first stay are contained in the two manila folders subsequently produced to the Court. T.H. was again admitted to the Kelly Center on or about October 4, 2012, and discharged on or about June 11, 2013, after she successfully completed the Kelly Center program. The records from T.H.'s second stay at the Kelly Center constitute the first set of documents produced to the Court and are contained in seven manila folders.

The Court has carefully reviewed each and every document produced by the Kelly Center pursuant to subpoena. The Court has attempted to strike a balance between Defendants' right to a fair trial and their Confrontation Clause rights with T.H.'s privacy and privilege concerns and her rights as an alleged victim. Specifically, the Court has endeavored to order production of those documents relevant to T.H.'s drug usage, mental competency, and cognitive abilities, as well as documents related to such documents or necessary to place such documents in the proper context. Further, the Court has ordered production of those documents necessary to ensure that Defendants' fair trial and Confrontation Clause rights are protected.

The Court has determined that Defendants and the Government should be granted access to some, but not all, of the documents from T.H.'s file. Those documents being produced, with appropriate redactions made by the Court, will be provided to defense counsel and government counsel at this time, prior to Defendants' trial. The Court has redacted irrelevant or sensitive personal information from the documents being produced, such as T.H.'s address, social security

number, phone numbers, schools attended, and other personal information. The Court has also redacted the names and addresses of T.H.'s family members and personal information about T.H.'s family members from the documents. The documents being produced, with the Court's appropriate redactions, are being filed under seal and copies will be made available to both defense counsel and government counsel.

The Court has determined that certain other documents contained in T.H.'s Kelly Center file should not be produced. The documents not being produced to the parties' counsel shall be maintained by the Court in chambers. The documents not being produced include, *inter alia*, documents concerning the financial status of T.H. or her family, personal information about T.H.'s family, and other documents irrelevant to the pending criminal case. Additionally, many of the documents being withheld involve T.H.'s therapeutic treatment and matters related thereto. Such documents are not relevant to T.H.'s drug use, mental competency, or cognitive abilities and are not required by Defendants to exercise their fair trial or Confrontation Clause rights. Further, they are highly confidential and sensitive in nature and protected under the psychotherapist-patient privilege.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that certain subpoenaed documents, with appropriate redactions made by the Court, shall be filed under seal and produced to both defense counsel and government counsel simultaneous with the issuance of this Order so that defense counsel and the Government can review them prior to Defendants' trial. Defense counsel may review the produced documents with Defendants but may not leave a copy of the documents with Defendants. Both defense counsel and government counsel shall maintain the documents as confidential and shall not show or produce said documents to any third parties except to defense investigators or paralegals working on this case, government agents, investigators, or paralegals working on this case, or any experts retained or utilized by the

parties. The Government may, of course, also show these documents to and review these documents with T.H. Additionally, the undersigned is not making any finding regarding the admissibility of the documents or information contained therein at trial. That determination would best be left up to United States District Judge Kenneth A. Marra at the time of trial. The redacted documents are being filed under seal simultaneously with entry of this Order, and copies are being produced to defense and government counsel. The Kelly Center documents which are not being produced shall be maintained in the chambers of the undersigned.

    **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this  1ST  day of May, 2014.

                                                 *(signature)*
                                                WILLIAM MATTHEWMAN
                                                UNITED STATES MAGISTRATE JUDGE